UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
    Plaintiff/Respondent,     )
                              )
       v.                     )    Criminal No. 02-98 (EGS)
                              )    Civil No. 05-838 (EGS)
                              )
GREGORY LANCASTER             )
                              )
    Defendant/Petitioner.     )
_____)
```

**MEMORANDUM OPINION**

In April 2002, defendant Gregory Lancaster pleaded guilty to one count of unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On May 25, 2004, this Court sentenced defendant to 80 months of imprisonment. Defendant did not appeal his sentence.

Pending before the Court are defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and defendant's motion for return of property. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, and for the reasons detailed below, the Court **denies** defendant's § 2255 motion[1] and **grants** defendant's motion for return of property.

---

[1] A court may summarily dismiss a § 2255 motion without a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See United States v. Agramonte*, 366 F. Supp. 2d 83, 85 (D.D.C. 2005).

**I.   Defendant's § 2255 Motion**

Defendant filed a § 2255 motion in April 2005 based on three grounds:  (1) ineffective assistance of counsel; (2) mathematical errors in the Presentence Investigation Report that resulted in additional criminal history points based on a misrepresentation of his prior convictions; and (3) the sentence violated the Sixth Amendment under *Blakely v. Washington* because the defendant did not stipulate that the crimes used to calculate his base offense level were crimes of violence.

**A.   Standard of Review**

An individual may move the court which imposed his sentence to vacate, set aside, or correct that sentence if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  The person seeking to vacate his sentence bears the burden of proving his contentions by a preponderance of the evidence.  *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *Thorpe v. United States*, 445 F. Supp. 2d 18, 21 (D.D.C. 2006).  Challenging a sentence under a § 2255 motion requires the petitioner to show a "good deal more than would be sufficient on a direct appeal from his sentence."  *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

If a petitioner fails to raise a claim on direct appeal, he may raise it collaterally on a § 2255 motion only if he can (1) demonstrate good cause for his failure to raise the issue on appeal; and (2) show that the issue he is raising resulted in actual prejudice.  *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kleinbart*, 27 F.3d 586, 590 (D.C. Cir. 1994). Ineffective assistance of counsel may provide cause and prejudice for the procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  Moreover, an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not the subject of a direct appeal.  *Massaro*, 538 U.S. at 504.

### B. Ineffective Assistance of Counsel

In his § 2255 motion, defendant argues ineffective assistance of counsel because his attorney did not file an appeal to challenge his conviction or sentencing within the appropriate time frame.  Defendant's bare allegation of ineffective assistance fails to provide grounds for relief under *Strickland v. Washington*, 466 U.S. 668 (1984).  Defendant cannot show that his counsel disregarded an instruction to appeal or failed to consult regarding his right to appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (applying the *Strickland* standard to failure to appeal cases).

Along with its opposition motion, the government filed a detailed affidavit from defendant's former counsel (Archie Nichols). In his affidavit, Nichols states that he discussed defendant's right to appeal with him both before and after sentencing and explained the limited grounds upon which he could appeal following the entry of a guilty plea. Nichols also states that he explained to defendant that an appeal could result in a higher sentence and that he gave defendant ample opportunity to ask questions about an appeal. According to Nichols, defendant never asked Nichols to file an appeal even though they were in contact several times after sentencing and prior to the end of the appeals period.

Defendant responds that he never instructed Nichols not to appeal and that he trusted his attorney who told him there was nothing to appeal because the judge stayed within the range contemplated by the Sentencing Guidelines.[2] Defendant states that he told Nichols that he did not think that the criminal history score was calculated correctly. This is not sufficient to support a claim for ineffective assistance of counsel. Under *Flores-Ortega*, if there was no express instruction by the

---

[2] Defendant was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are advisory rather than mandatory. *Booker* cannot be applied retroactively on collateral review under a § 2255 motion. *See In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006).

defendant to the attorney to appeal or not appeal, then a court just looks at whether counsel consulted with the defendant about an appeal.  528 U.S. at 477.  In this case, defendant does not dispute that Nichols consulted with him about an appeal.  If defense counsel has consulted with the defendant about an appeal, then counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."  *Id*.  Here, defendant did not expressly instruct Nichols to file an appeal.

### C.   Issues Related to Prior Convictions

Even assuming that defendant were able to establish good cause for failing to raise on direct appeal any of the issues related to his prior convictions based on ineffective assistance of counsel, he still cannot show actual prejudice.  None of the challenges he raises to his sentence have merit.

Defendant argues in his § 2255 motion that the Presentence Investigation Report ("PSR") was mathematically incorrect and resulted in additional points due to the misrepresentation of his prior criminal convictions.  According to defendant, the Court improperly relied on U.S.S.G. § 2K2.1(a)(2) in calculating his base offense level.  U.S.S.G. § 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled

substance offense." In addition, defendant argues that the plea agreement did not contain a stipulation that his criminal history included two prior crimes of violence. He argues, therefore, that he should not have had a base offense level of 24 and that the increase in offense level due to prior convictions violates his Sixth Amendment rights under *Blakely v. Washington* and related cases.

The government responds that U.S.S.G. § 2K2.1(a)(2) applies to both crimes of violence and controlled substance offenses. They point out that defendant had two prior felony convictions in Charles County, Maryland for possession with intent to distribute cocaine. Therefore, a base offense level of 24 is appropriate under § 2K2.1(a)(2). The government also argues that *Blakely* was decided more than two weeks after defendant's conviction became final and circuit courts have uniformly held that it does not apply retroactively on collateral review. *See*, *e.g.*, *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *United States v. Varela*, 400 F.3d 864, 865 (11th Cir. 2005).

In his reply to the government's opposition motion, defendant again argues that his base offense level should not be a 24 and argues that his criminal history score was improperly calculated. First, he argues that his two convictions in Maryland were consolidated as related cases for sentencing and

therefore he should not have received three criminal history points for each offense. *See* U.S.S.G. §§ 4A1.1 and 4A1.2  He also argues that because these cases were consolidated for sentencing, he only has one relevant felony conviction for purposes of U.S.S.G. § 2K2.1 and not two.  Defendant also asserts that a conviction for resisting arrest and a conviction for violating a protective order are related and should not have both been counted in his criminal history score.  Finally, defendant argues that a conviction for telephone misuse for which he was assigned one criminal history point should not have been counted because the sentence was only probation.

In his reply, defendant also relies on both *Apprendi* and *Blakely*, instead of just *Apprendi* to support his argument.  *Apprendi* was decided before defendant was sentenced.  The *Apprendi* line of cases are inapposite, however, because they do not apply to a court's determination that there were prior convictions. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).  The Court therefore will not vacate, set aside, or correct defendant's sentence under *Apprendi* and its successor cases because there has been no *Apprendi* violation.

The Court also finds that defendant's criminal history score was calculated correctly. The Sentencing Guidelines require the assessment of criminal history points for each "prior sentence." U.S.S.G. §§ 4A1.1. Sentences in two separate related cases, however, may be treated as one sentence for purposes of assigning criminal history points. U.S.S.G. §§ 4A1.2. Sentences are considered related if they (A) occurred on the same occasion, (B) were part of a common scheme or plan, or (C) were consolidated for trial or sentencing. *Id*. cmt. n.3. The majority of Circuit Courts have held that sentences are not considered consolidated for sentencing within the meaning of the Guidelines unless there is a formal order of consolidation or "other persuasive indicium of formal consolidation apparent on the face of the record which is sufficient to indicate that the offenses have some relationship to one another beyond the sheer fortuity that sentence was imposed by the same judge at the same time." *United States v. Correa*, 114 F.3d 314, 317 (1st Cir. 1997); *see also United States v. Patasnik*, 89 F.3d 63, 74 (2d Cir. 1996); *Green v. United States*, 65 F.3d 546, 548-49 (6th Cir. 1995); *United States v. Allen*, 50 F.3d 294, 298-99 (4th Cir. 1995); *United States v. Alberty*, 40 F.3d 1132, 1134-35 (10th Cir. 1994); *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir. 1992). Although defendant was sentenced on the same day for two

different charges of possession with intent to distribute cocaine, there is no indication that the sentences in these cases were consolidated for sentencing or "related" within the meaning of U.S.S.G. § 4A1.2 and should therefore be treated as one sentence.

Defendant's other asserted errors in computing his criminal history score are also without merit. He provides no evidence at all to support his contention that his resisting arrest and violation of a protective order convictions are related. He provides no evidence that they occurred on the same occasion, were part of a common scheme or plan or were consolidated for trial or sentencing. The PSR shows that defendant was arrested on different dates for the offenses that led to these convictions and the defendant was sentenced on different dates for the two offenses.

The Court also finds that defendant's telephone misuse conviction was properly assigned one criminal history point. Defendant was sentenced to serve 15 days in jail (all suspended) and three years probation. Sentences for all felony offenses are counted in computing the criminal history score. U.S.S.G. § 4A1.2(c)(1). Moreover, sentences for certain enumerated misdemeanors and offenses similar to them are counted if the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days. U.S.S.G. §4A1.2(c)(1). In

this case, defendant was sentenced to a term of probation for three years.  Even if the Court were to find that this offense should not have been assigned one criminal history point, a total of 11 criminal history points as opposed to 12 would not change defendant's criminal history category of V pursuant to U.S.S.G. Chapter 5, Part A (showing that a score of 10, 11, or 12 results in a criminal history category of V).

In addition to challenging his criminal history computation for the reasons noted above, defendant also filed a motion to supplement or amend his § 2255 motion based on newly discovered evidence.  In this filing, he argues that a Charles County, Maryland court illegally sentenced him for resisting arrest.  The court imposed a sentence of four years with two years suspended but the relevant Maryland statute states that imprisonment shall not exceed three years.  Md. Crim. Law Code § 9-408.  Defendant argues that this illegal Maryland conviction resulted in a higher base offense level and criminal history category than warranted. It is not clear how this conviction affected the base offense level because the base offense level is based on having two prior controlled substance convictions and does not take this conviction into account.  This conviction did affect the total number of criminal history points.  However, a defendant has no right to collaterally attack a prior state conviction used for a sentencing enhancement, except for convictions obtained in a

proceeding in which the accused was not represented by counsel and had not competently and intelligently waived the right to counsel. *See Daniels v. United States*, 532 U.S. 374, 382-83 (2001). If at the time of sentencing a prior conviction has not been set aside on direct or collateral review, it is presumptively valid and may used to enhance a sentence in federal court. *Id*. at 382. This presumption of validity does not prevent a defendant from pursuing whatever channels are available to directly or collaterally attack his state conviction. If he is successful, he can then apply to the Court to reopen his federal sentence. *Id*. Moreover, a defendant still may challenge a prior conviction as a *Gideon* violation in a 2255 motion, but only if he raised the claim during his federal sentencing proceeding or demonstrated cause and prejudice for failing to do so. *Id*.; *see also Gideon v. Wainwright*, 372 U.S. 335 (1963). In this case, defendant did not raise the issue of a possible illegal conviction during his sentencing and he has not used the means available to him under the law to challenge this conviction.

For all the reasons indicated above, the Court **denies** defendant's § 2255 motion.

## II. Defendant's Motion for Return of Property

In addition to his § 2255 motion, defendant also has filed a motion for the return of his property that was seized when he was

arrested.  The government has asked that the Court hold Lancaster's motion for return of his property in abeyance until the § 2255 motion is decided.  The government indicated that the property was classified as evidence at the time of Lancaster's arrest and would be needed if the § 2255 motion were granted and a new trial was ordered.  The government asks for no more than 30 days after the § 2255 motion is decided to respond to Lancaster's motion for return of his property.

Because the § 2255 motion has been denied, the Court finds no reason for the government to hold on to Lancaster's property.  Accordingly, defendant's motion for return of property is **granted** and the government shall return defendant's property forthwith.

### III. CONCLUSION

For the foregoing reasons, the Court **denies** defendant's motion to vacate, set aside, or correct his sentence and **grants** defendant's motion for return of property.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**March 9, 2007**